IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOMMY LEE WAUGH, #47088-074,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 21-812-JPG |
| | ) |
| **H. BOUSSAG, STACEY BYRAM,** | ) |
| **MICHAEL CARVAJAL, C. DAVIS,** | ) |
| **MIRANDA FAUST,** | ) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| **RENEE BRINKER FORNSHILL,** | ) |
| **KATHY HILL, KENNETH HYLE,** | ) |
| **TRACY KNUTSON, J. LECLAIR,** | ) |
| **MARY NOLAND, GUY PAGLI,** | ) |
| **KENT RUSHING, M. SCHREIBER,** | ) |
| **KATHERINE SIEREVELD,** | ) |
| **N. SIMPKINS, DAN SPROUL,** | ) |
| **BARBARA VON BLANCKENSEE,** | ) |
| **ANDRE MATEVOUSIAN,** | ) |
| **M. WALLACE, RICHARD M. WINTER,** | ) |
| **and RUSSELL WYATT,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tommy Lee Waugh is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), currently incarcerated at the United States Penitentiary in Terre Haute, Indiana. (Doc. 9). He was previously confined at the United States Penitentiary in Marion, Illinois ("Marion") in the Communications Management Unit ("CMU"). While at Marion, Plaintiff filed a Complaint in the Circuit Court for the First Judicial Circuit, Williamson County, in the State of Illinois.[1] (Doc. 1-1, pp. 2-21). Defendants removed the case to this Court pursuant to the Federal Employees

---

[1] Plaintiff filed his state case on April 30, 2021, and it was docketed as Williamson County Case No. 21-L-52. (Doc. 1-1, p. 2).

Liability Reform and Tort Compensation Act of 1988, a federal statute commonly known as the "Westfall Act," 28 U.S.C. § 2679, and alternatively under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Doc. 1). Plaintiff has not objected to the removal.

Additionally, Defendants moved to substitute the United States of America as Defendant. (Doc. 6). This motion will be granted in part and denied in part, for the reasons set forth below.

Plaintiff's Complaint seeks damages and injunctive relief against Defendants for refusing to provide Plaintiff with notary services, thereby frustrating his attempts to file four state court lawsuits in Pima County, Arizona, where he was confined before his transfer to Marion. The Complaint sets forth twelve claims. Plaintiff invokes his right to access the courts and redress grievances under the First Amendment of the United States Constitution (Counts 1 and 2); raises statutory claims under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 706(1) and 705(2)(A) (Counts 3 and 4); seeks a writ of mandamus under 28 U.S.C. § 1361 (Count 5); alleges civil conspiracy in violation of 42 U.S.C. §§ 1985(3), 1985(2), and 1986 (Counts 6, 7, and 10); and includes four tort claims under Illinois law (Count 8 for fraud, Count 9 for civil conspiracy, Count 11 for negligence, and Count 12 for intentional infliction of emotional distress). (Doc. 1-1, pp. 15-21).

## REMOVAL

The underlying case was properly removed to this federal judicial district under both the Westfall Act, 28 U.S.C. § 2679, and the federal officer removal statute, 28 U.S.C. § 1442(a)(1). For actions such as this one which were commenced in state court, the Westfall Act calls for removal to the federal district court "embracing the place in which the action or proceeding is pending." *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(d)(2)). The Southern District of Illinois includes Williamson County, Illinois, where Plaintiff filed his state

case. Section 1442(a)(1) allows removal where officers of the United States are sued in their official or individual capacity for acts under color of such office, as Plaintiff does here.

### SUBSTITUTION OF UNITED STATES AS DEFENDANT

Defendants' motion seeks substitution of the United States of America as Defendant, and dismissal of the individual Defendants from the action, at least for those claims that arise under Illinois law and are not construed as *Bivens* claims.[2] (Doc. 6). Plaintiff has not responded to the motion.

The Westfall Act grants federal employees absolute immunity from tort claims arising out of acts undertaken in the course and scope of a federal employee's employment. *See Osborn*, 549 U.S. at 230 (citing 28 U.S.C. § 2679(b)(1)). It amended the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, to require substitution of the United States as a defendant in a tort suit brought against a government employee. *Id*. at 230. It empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose," and renders the Attorney General's certification[3] "conclusiv[e]…for purposes of removal." *Id*. (citing 28 U.S.C. §§ 2679(b)(1), (d)(1), (2)). Upon such certification, the United States is substituted as defendant in place of the federal employee, and the employee is dismissed. *Id*. (citing § 2679(d)(2)). The action is then governed by the FTCA.

As outlined above, this action contains tort claims based on state law, but also includes several claims premised on federal statutes and claims for money damages based on the First

---

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).
[3] A United States Attorney may issue the certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4(a). In the instant case, the United States Attorney delegated this authority to the Chief of the Civil Division, who certified that all Defendants were acting with the scope of their employment at the time of the incidents out of which the claims arose. (Doc. 1-2).

Amendment. (Doc. 1-1, pp. 15-21). The United States Attorney's designee certified that all the individual Defendants were federal employees acting within the scope of their federal office or employment at the time of the events giving rise to the Complaint. (Doc. 1-2). Accordingly, the Westfall Act directs that the individual Defendants are immune from the tort claims based on state law. The United States will therefore be substituted as the sole Defendant for Counts 8, 9, 11, and 12. These claims will be governed by the FTCA.

For Counts 1 and 2, Plaintiff invokes his First Amendment rights to access the courts and to petition the government for redress of grievances. (Doc. 1-1, pp. 15-16). The Court construes these claims as having been brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which recognized a civil damages remedy against federal officers who allegedly violated the plaintiff's federal constitutional rights under the Fourth Amendment. Because a *Bivens* claim is brought against the individual federal actors, substitution of the United States is not warranted for Counts 1 and 2. The motion to substitute will therefore be denied in part as to these counts.

Plaintiff's APA claims in Counts 3 and 4 are not properly brought against the individual Defendants. The APA provides that "The United States may be named as a defendant in any such action[.]" 5 U.S.C. § 702. An APA claim may also be maintained against a federal agency such as the Bureau of Prisons, which Plaintiff includes as a Defendant. *See Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 774-75 (7th Cir. 2011). However, retaining the BOP as a party would be duplicative when the United States becomes a party, and as Plaintiff has not objected to the motion to substitute, the motion will also be granted for Counts 3 and 4.

Substitution is not warranted at this juncture for the remaining counts. Defendants' motion relies on the Westfall Act to argue for substitution of the United States in the tort claims based on

state law brought against the individual federal employee Defendants. The motion sets forth no authority for substitution on Plaintiff's federal statutory claims for mandamus and conspiracy (Counts 5, 6, 7, and 10). The mandamus statute governs an action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Under this language, a claim may be brought against an individual officer or employee, as Plaintiff did in Count 5.

The anti-conspiracy statute, 42 U.S.C. § 1985, authorizes suits against "two or more persons" who conspire to interfere with civil rights, and § 1986 authorizes an action against a person who knowingly neglects to prevent a violation of § 1985. On their face, these statutes indicate that a suit could be brought against individual federal officials. And the Westfall Act contains an exception to the provision for the FTCA to be the exclusive remedy when a federal official is sued for acts committed within the scope of his/her employment. 28 U.S.C. § 2679(b)(1). Under § 2679(b)(2)(B), paragraph (b)(1) does not apply to a civil action against a federal employee "which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." 28 U.S.C. § 2679(b)(2)(B). It thus appears that substitution of the United States is not required for Counts 6, 7, and 10, which are brought against individual Defendants based on 42 U.S.C. §§ 1985 and 1986.

To summarize, the United States will be substituted as a party in Counts 3 and 4 under the APA, and Counts 8, 9, 11, and 12, which will be governed by the FTCA. The individual Defendants will be dismissed from those counts. The individual Defendants will remain associated with the *Bivens* and federal statutory claims. (Counts 1, 2, 5, 6, 7, and 10). The Court makes no comment at this juncture on the merits of any of the claims herein.

Because Plaintiff is a prisoner, his Complaint is subject to a preliminary merits review pursuant to 28 U.S.C. § 1915A. The Court will conduct this review in a separate Order, and will direct service as appropriate. However, before conducting the § 1915A review, Plaintiff will be directed to amend his Complaint to consolidate the claims herein with those he raises in a later-filed action removed to this Court, *Waugh v. Hill, et al.*, Case No. 21-cv-1068-JPG (removed on Aug. 27, 2021).[4]

### AMENDMENT OF THE COMPLAINT

Plaintiff's Complaint in *Waugh v. Hill*, Case No. 21-cv-1068-JPG, is based on the same set of facts pled in the instant case – Marion officials' refusal to notarize documents necessary for Plaintiff to file four lawsuits in the Pima County, Arizona Superior Court. (*Waugh v. Hill*, Doc. 1-1, pp. 7-8). Every Defendant named in *Waugh v. Hill* is also named in the instant case. (*Waugh v. Hill*, Doc. 1). *Waugh v. Hill* sets forth only five counts and all but one (Count 2 seeking injunctive relief under *Bivens*) is a duplicate of a claim included in the instant case. (*Waugh v. Hill*, Doc. 1-1, p. 9). The overlap between *Waugh v. Hill* and the instant case is nearly complete. Concerns for judicial economy dictate that duplicative cases should not remain on the docket. In order to consolidate the claims in these cases, the Court will direct Plaintiff to submit an amended complaint in the instant case, where he may set forth all the claims he wishes to pursue based on the facts stated in this case and in *Waugh v. Hill*, No. 21-cv-1068-JPG. As Plaintiff is no longer incarcerated at Marion, some claims for injunctive relief may no longer be necessary. Once Plaintiff's amended complaint is filed in this action, the Court will review its merits pursuant to 28 U.S.C. § 1915A and will administratively close *Waugh v. Hill*, No. 21-cv-1068-JPG.

---

[4] Plaintiff filed this case in Williamson County Circuit Court on July 26, 2021, where it was docketed under Case No. 21-L-93. (*Waugh v. Hill*, Doc. 1-1, p. 2).

**DISPOSITION**

Defendants' Motion to Substitute the United States of America as Defendant (Doc. 6) is **GRANTED IN PART** as to Counts 3, 4, 8, 9, 11, and 12. The Clerk of Court is **DIRECTED** to **ADD** the United States as a party for these counts. The individual Defendants and the Bureau of Prisons are **DISMISSED** from Counts 3, 4, 8, 9, 11, and 12.

The motion (Doc. 6) is **DENIED IN PART** as to the *Bivens* and statutory claims in Counts 1, 2, 5, 6, 7, and 10. The individual Defendants and the Bureau of Prisons remain in the action insofar as they are named in these counts.

**IT IS FURTHER ORDERED** that Plaintiff shall submit his First Amended Complaint in this action, in accordance with the discussion above, **on or before April 25, 2022**.  The First Amended Complaint shall include all claims Plaintiff still wants to pursue which were originally set forth in this case and in *Waugh v. Hill*, No. 21-cv-1068-JPG, based on the facts relating to the denial of notary services at Marion. After the First Amended Complaint is filed, the Court will review it pursuant to 28 U.S.C. § 1915A and will close *Waugh v. Hill*, No. 21-cv-1068-JPG.

Plaintiff shall note that an amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be subject to dismissal with prejudice for failure

to prosecute. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is reminded that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  3/25/2022**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**