UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOMMY LEE WAUGH,

        Plaintiff,

    v.

UNITED STATES OF AMERICA, KATHY HILL,
and SCHREIBER,

        Defendants.

Case No. 21-cv-812-JPG

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on plaintiff Tommy Lee Waugh's motion for subpoenas of certain records he claims the defendant United States was obligated but failed to produce in discovery (Doc. 25). The United States has responded to the motion (Doc. 26).

Waugh's main gripe in this case is that the Bureau of Prisons ("BOP") refused to provide notary services to notarize documents he could not file in court unless notarized. Waugh's motion seeks subpoenas for documents he alleges the United States refused to produce in discovery, namely, documents from the BOP director stating that the BOP no longer provides notary services and all emails to USP-Marion Warden Dan Sproul or USP-Marion Intelligence Research Specialist Kathy Hill that pertain to Waugh during a certain time period. The motion does not state Waugh attempted to informally resolve discovery dispute with the United States, as required by ¶ V.F. of the Scheduling and Discovery Order (Doc. 22) and by Federal Rule of Civil Procedure 37(a)(1). Additionally, the motion does not include copies of Waugh's discovery requests and the United States' responses, as required by ¶ V.F. of the Scheduling and Discovery Order (Doc. 22).

In response, the Government argues that it objected to Waugh's document production

requests on a variety of grounds:  too broad, not sufficiently specific, irrelevant, addressed to non-parties, and disproportionate to the needs of the case.  It further notes that some information for which Waugh seeks a subpoena was not requested in discovery, Waugh never attempted to informally resolve this dispute, never filed a motion to compel, the objections in the United States' response still apply, and Warden Sproul's memo regarding notary services has already been produced.  Finally, it responds that it has conducted an exhaustive search for documents that would be responsive to the subpoenas and has found none.

The Court **DENIES** Waugh's motion for subpoenas (Doc. 25) for the following reasons:

- The motion does not contain a written certification that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," as required by Rule 37(a)(1) and the Scheduling and Discovery Order;

- The motion does not include copies of Waugh's discovery requests and the United States' responses, as required by the Scheduling and Discovery Order; and

- The motion was not preceded by a motion to compel pursuant to Rule 37, as required by the Scheduling and Discovery Order.

**IT IS SO ORDERED.**
**DATED:  June 7, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**