UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOMMY LEE WAUGH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 21-cv-812-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on the defendant United States of America's motion for leave to file an Amended Answer asserting the affirmative defense of failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680 (Doc. 35). The Court's June 29, 2022, Merits Review Order identified some of plaintiff Tommy Lee Waugh's claims as under the FTCA (Doc. 14). The United States filed its original Answer on October 5, 2022, but did not assert a failure to exhaust defense (Doc. 21).

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. A party may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a response or a motion to dismiss, for a more definite statement or to strike. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing parties' written consent, which the party has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. PaineWebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor*

*Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997).  A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

In this case, the Court is not concerned with extending a deadline.  In *Bowman v. Korte*, 962 F.3d 995 (7th Cir. 2020), the Seventh Circuit Court of Appeals reversed a district court's decision to extend a deadline for filing dispositive motions on exhaustion grounds without finding "excusable neglect" as required by Federal Rule of Civil Procedure 6(b)(1)(B).  However, *Bowman* is distinguishable from the case at bar.  In this case, despite the encouragement of *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), to resolve the issue of exhaustion of administrative remedies before moving to the merits, this Court never set a deadline for dispositive motions asserting the exhaustion defense.  This is because the United States did not assert exhaustion as a defense in its answer.  So there is no deadline to extend, and no need to find excusable neglect.

That leaves the Court with the Rule 15 factors listed above.  This case was filed in state court against a multitude of individual defendant in April 2021, mere weeks after Waugh mailed his administrative tort claim to the Regional Office of the Bureau of Prisons.  The United States removed the case in July 2021, and almost immediately asked to be substituted for some of the individual defendants (Doc. 6).  Surely it was clear at the time that there might be FTCA claims in the case.  If there was any question about it, the Court's June 29, 2022, Merits Review Order removed all doubt (Doc. 14).  So as early as the summer of 2022, the United States should have

been looking for evidence of exhaustion of administrative tort remedies, a common defense to FTCA claims. Yet it took the United States more than a year after that to say a peep about it. This is without question undue delay.

However, there would be little prejudice to Waugh to allow the defense to be asserted at this time. The defense would likely have merit since Waugh had not received a response from the Regional Office when he filed this lawsuit, and the FTCA requires exhaustion of administrative remedies before filing suit. *See* 28 U.S.C. § 2675(a) (a claimant "shall have first presented the claim to the appropriate Federal agency"). That way "the agency has an opportunity to meaningfully consider and address the claim prior to suit." *Chronis v. United States*, 932 F.3d 544, 546 (7th Cir. 2019). But any dismissal of this case, which has not even been set for trial yet, would be *without* prejudice to his filing another lawsuit if his tort claim is denied. Against the background preferences to liberally allow amendment of pleadings and to allow administrative agencies the first crack at resolving disputes with the agency, the Court will allow the United States to file an Amended Answer. It will also allow the United States to exceed the page limit for summary judgment motions to accommodate this defense.

For the foregoing reasons, the Court:

- **GRANTS** the United States' motion for leave to file an Amended Answer adding the affirmative defense of failure to exhaust administrative remedies (Doc. 35). The Amended Answer shall be filed before the motion for summary judgment; and

- **GRANTS** the United States' motion to exceed the page limit (Doc. 34). Its summary judgment motion may not exceed 25 pages.

**IT IS SO ORDERED.**
**DATED:  September 13, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
